the piece tested, were received in evidence and marked defendant's collective exhibit D–1 and defendant's exhibit D–2, respectively. The latter exhibit shows a layer structure.

On cross-examination, the witness admitted that a mere visual examination would not disclose laminations in the material imported, but he denied that the effect of heat and pressure in the manner stated by the inventor in his earlier testimony would be to disintegrate the paper.

It seems clear from the record that the heat and pressure to which the original materials are subjected cause the resin to flow and bind the materials together. The resin is, therefore, the binding agent. We are satisfied from the record that the plaintiff has failed to establish by a preponderance in weight of the evidence that in its imported condition the article is not laminated. It is, therefore, in our opinion, a laminated product of which synthetic phenolic resin is the chief binding agent and is within the language of the provision under which it was classified.

Inasmuch as that provision, by its own terms, takes precedence over any other tariff provision which may embrace the article, it is unnecessary to determine whether the merchandise is covered by paragraph 1514, under which plaintiff claims. We observe, however, that plaintiff failed to establish that the articles involved do not contain any of the elements named in the provision, such as vanadium, tungsten, molybdenum, etc., in excess of the percentages set forth in the provision.

For the reasons hereinbefore stated, the protest claims are overruled, and judgment will issue accordingly.

**No. 58991.**—Gerard J. Danco, Inc. *v.* United States, protests 145378–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiff was sustained.

**No. 58992.**—P. Robertet, Inc., et al. *v.* United States, protests 155261–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.